UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00373-JMS-CSW |
| | ) |
| PRICE, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT**

Now before the Court is Plaintiff Kevin Smith's[1] motion for entry of partial final judgment under Federal Rule of Civil Procedure 54(b), filed by recruited counsel, related to all of Smith's claims against defendant Officers Rilenge and Lamb. For the reasons explained in this Order, Mr. Smith's motion for entry of partial final judgment, dkt. [159], is **DENIED**.

## I. Background

Plaintiff Kevin Smith, an Indiana Department of Correction (IDOC) inmate, filed this action under 42 U.S.C. § 1983 based on allegations that defendants Officers Price, Rilenge, and Lamb violated his constitutional rights during vehicle transports between Wabash Valley Correctional Facility and an outside hospital where Smith was taken for medical treatment in June

---

[1] The Court appointed recruited counsel for Mr. Smith to oppose the defendants' motion for summary judgment and through final resolution of this action. Dkt. 114. Recruited counsel acknowledges in the motion for entry of partial final judgment that pursuit of an appeal exceeds the scope of the Court's Order of Recruitment. Dkt. 159 at 3. In a separate matter pending in this Court, *Smith v. Foster*, No. 1:22-cv-404-JRS-CSW, Mr. Smith filed a *pro se* notice of appeal related to the Court's ruling on exhaustion and dismissal of certain defendants and claims without prejudice, which the Court construed as a request to enter partial final judgment under Rule 54(b), *see* dkts. 58 and 78. In *Foster*, the Court granted Mr. Smith's request, and Mr. Smith inquired of his recruited counsel in this instant action whether such ruling may be obtained to permit immediate appeal of the claims against Officers Rilenge and Lamb. Dkt. 159 at 3. Though Mr. Smith received the outcome he sought in *Foster*, this action is distinguishable as it implicates a substantially different stage of the proceedings and rulings on the merits of the claims raised.

2019. Dkt. 21. Officer Price was assigned to transport Mr. Smith on June 13, 2019, for a medical appointment, and then to return him to the facility. Dkt. 117-2, ¶ 4. Officers Rilenge and Lamb were assigned to transport Mr. Smith to the hospital on June 20, 2019, for a medical appointment, and then to return him to the facility. Dkt. 117-3, ¶ 4. Mr. Smith's Eighth Amendment conditions of confinement claims and First Amendment retaliation claims against the defendants survived screening. *Id.*

The defendants moved for summary judgment in their favor as to all claims. Dkt. 116. Mr. Smith's First Amendment claim against Officer Price is the only claim that survived summary judgment. Dkt. 135 at 24. This claim is based on Mr. Smith's allegations that Officer Price retaliated against him (because of Smith's filing of grievances against staff) by failing to secure Smith's seatbelt during the June 13, 2019, vehicle transport, which resulted in Smith's injury to his collarbone. *Id.* This claim will be resolved via settlement or trial. *Id.*

The Court granted summary judgment as to the Eighth Amendment conditions of confinement claim against Officer Price based on qualified immunity because Mr. Smith had not demonstrated that he was entitled to a seatbelt during the transport. *Id.* at 18.

The Court granted summary judgment as to the Eighth Amendment conditions of confinement claims against Officers Rilenge and Lamb based on qualified immunity because clearly established law did not support that he was entitled to be free from experiencing a "rough ride" during the transport. *Id.* at 18-20. On June 20, 2019, Mr. Smith was seat-belted, but he alleged that Officers Rilenge and Lamb sped up over railroad tracks and bounced the van while Smith was screaming in pain from just having had a medical procedure on his arm that did not allow him to brace himself in the van. *Id.* at 12-13. Mr. Smith made other allegations about lack of air conditioning in the van and being denied food on the trip, but Officers Rilenge and Lamb were

granted summary judgment on the merits of these Eighth Amendment conditions of confinement claims. *Id.* at 20-21. Finally, Officers Rilenge and Lamb were granted summary judgment on the merits of Mr. Smith's First Amendment retaliation claims against them. *Id.* at 24-25. Though this resolved all claims against Officers Rilenge and Lamb, the Court did not issue a partial final judgment as to these defendants and claims. *Id.* at 26.

## II. Motion for Entry of Partial Final Judgment

Mr. Smith moves for entry of partial final judgment. He argues that the claims against Officers Rilenge and Lamb "are factually and legally separable from the claims against Officer Price." Dkt. 159 at 3-4. Specifically, Mr. Smith argues that Officer Price's conduct arises from the vehicle transport on June 13, 2019, and Officers Rilenge and Lamb's conduct arises from the vehicle transport a week later, on June 20, 2019. *Id.* at 4. He contends there is no just reason to delay his pursuit of appellate review as to the claims against Officers Rilenge and Lamb. *Id.* at 6. Officer Price, by counsel, filed a notice of non-objection to Mr. Smith's motion "so long as the entry of final judgment relates to claims against Defendants Lamb and Rilenge only." Dkt. 161.

Rule 54(b) empowers a district court to enter a final judgment as to one or more, but fewer than all, claims or parties. *Rayne v. Gannon*, No. 1:18-cv-00076-JPH-DML, 2020 WL 7239522, at *1 (S.D. Ind. Dec. 8, 2020) (citing *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 186 (7th Cir. 2011)). Rule 54(b) permits entry of a partial final judgment when a distinct claim has been fully resolved with respect to all parties, and the subjects of the partial judgment do not overlap with those remaining in the district court." *Dobbey v. Carter*, 281 F. Supp. 3d 722, 725 (N.D. Ill. 2017). To prevent "piecemeal appeals" the Seventh Circuit requires a two-step analysis of a Rule 54(b) partial final judgment—first, confirming that the order was truly a final judgment and second, determining that there are no just reasons to delay an appeal of the matter. *See Peerless Network,*

*Inc. v. MCI Commc'n Servs., Inc.*, 917 F.3d 538, 543 (7th Cir. 2019). The first step applies to the Court's summary judgment order at docket 135 which is a final judgment resolving completely the claims against Officers Rilenge and Lamb. But the second prong is more complicated. In determining whether there are no just reasons to delay an appeal in this matter, the Court's biggest concern is its desire to avoid "piecemeal appeals."

Mr. Smith argues that the claims against Officers Rilenge and Lamb are factually and legally separable, and to the extent there is any overlap between the facts of the claims with those of Officer Price, such overlap is not necessarily foreclosed under Rule 54(b). Dkt. 159 at 5-6. However, the Court, in part, resolved Eighth Amendment claims against Officer Price, Officer Rilenge, and Officer Lamb based on qualified immunity as it relates to Mr. Smith's entitlement to a seatbelt and not to experience a "rough ride" during vehicle transports. Because these factual issues about Mr. Smith's vehicle transports overlap, it would be inefficient to require the Court of Appeals to duplicate its efforts in any future appeals. *See Marseilles v. Hydro Power, LLC v. Marseilles Land and Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008) ("The scope of Rule 54(b) must therefore be confined to situations where one of multiple claims is fully adjudicated—to spare the court of appeals from having to keep relearning the facts of a case on successive appeals.") (internal quotation marks and citations omitted). In other words, Mr. Smith does not demonstrate that there is "no just reason for delay" for entering partial final judgment now.

Further, Mr. Smith's recruited counsel was appointed by this Court to represent Smith in this case. Recruited counsel is under no obligation to assist with an appeal. An appeal is outside the scope of the appointment order because "[t]he appointment stops at the door of the district court." *Johnson v. Chandler*, 487 F.3d 1037 (7th Cir. 2007). The Court declines to enter partial

final summary judgment to avoid a hybrid circumstance of recruited counsel representing the plaintiff here, and plaintiff pursing his appeal *pro se* while this action is still pending.

Accordingly, Mr. Smith's motion for entry of partial final judgment related to claims against Officers Rilenge and Lamb, dkt. [159], is **DENIED.**

**IT IS SO ORDERED.**

Date: 5/20/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN SMITH
160176
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All Electronically Registered Counsel